IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON DIVISION

| | | |
|---|---|---|
| Eugene Dewayne Green, | ) | |
| | ) | |
| | ) | Civil Action No. 8:05-2251-GRA-BHH |
| Plaintiff, | ) | |
| | ) | |
| | ) | |
| v. | ) | **REPORT OF MAGISTRATE JUDGE** |
| | ) | |
| Colie L. Rushton; Scott | ) | |
| Deckreon; and Stephanie | ) | |
| Marshall, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

The plaintiff, a state prisoner proceeding *pro se*, seeks relief pursuant to Title 42, United States Code, Section 1983.  This matter is before the Court on the defendants' motion for summary judgment and the plaintiff's motions for discovery and production of documents.

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., this magistrate judge is authorized to review all pretrial matters in cases filed under Title 42, United States Code, Section 1983, and submit findings and recommendations to the District Court.

The plaintiff brought this action on August 19, 2005, seeking damages for alleged civil rights violations.  On February 1, 2006, the defendants moved for summary judgment.  By order filed February 2, 2006, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the plaintiff was advised of the summary judgment dismissal procedure and the possible consequences if he failed to adequately respond to the motion.  The plaintiff filed a response on March 15, 2006.

## FACTS PRESENTED

The plaintiff is an inmate within the South Carolina Department of Corrections ("SCDC") currently housed at the  Lee Correctional Institution ("LCI").   In his complaint, the plaintiff

1

alleges that while he was previously housed at the McCormick Correctional Institute ("MCI"), he was placed in a cell with a leaky sink.  (Compl. ¶ 13.)  The plaintiff alleges he verbally complained about the problem, but the sink was not fixed.  (Compl. ¶¶ 13-27.) The water from the sink continued to overflow onto the floor and the plaintiff slipped and fell injuring his back.  (Compl. ¶ 28.)  The plaintiff acknowledges medical staff was called and he was taken to the infirmary where he "received medical treatment and was released." (Compl. ¶¶ 29-30.)  After the plaintiff fell, he filed a grievance complaining about the leaky sink and his fall.  (Compl. Attach. 1.)   In his response to the grievance, the warden noted that maintenance personnel had ordered a part and repaired the sink and the plaintiff had been moved to another cell. (*Id.* at 2).

## APPLICABLE LAW

Rule 56 of the Federal Rule of Civil Procedure states as to a party who has moved for summary judgment:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

Accordingly, to prevail on a motion for summary judgment, the movant must demonstrate that (1) there is no genuine issue as to any material fact; and (2) that he is entitled to summary judgment as a matter of law.  As to the first of these determinations, a fact is deemed "material" if proof of it existence or nonexistence would affect the disposition of the case under the applicable law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  An issue of material fact is "genuine" if the evidence offered is such that a reasonable jury might return a verdict for the non-movant.  *Id.* at 257.  In determining whether a genuine issue has been raised, the court must construe all interferences and ambiguities against the movant and in favor of the non-moving party. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962).

The party seeking summary judgment shoulders the initial burden of demonstrating to the court that there is no genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S.

317, 323 (1986). Once the movant has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment, may not rest on the allegations averred in his pleadings. Rather, the non-moving party must demonstrate that specific, material facts exist which give rise to a genuine issue. *Id.* at 324. Under this standard, the existence of a mere scintilla of evidence in support of the petitioner's position is insufficient to withstand the summary judgment motion. *Anderson*, 477 U.S. at 252. Likewise, conclusory allegations or denials, without more, are insufficient to preclude the granting of the summary judgment motion. *Ross v. Communications Satellite Corp.*, 759 F.2d 355, 365 (4th Cir. 1985).

## DISCUSSION

The plaintiff alleges the defendants failed to provide him with a reasonably safe and secure living environment and their failure to respond to a known risk constitutes deliberate indifference. (Compl. at ¶ 5.) The plaintiff seeks declaratory and injunctive relief and actual and punitive damages.[1]

To state a prima facie Eighth Amendment claim for conditions of confinement, a two prong test must be met: the plaintiff must be able to show that (1) there was a serious deprivation of a basic human need, and (2) that prison officials were deliberately indifferent to the prison conditions. *Wilson v. Seiter*, 501 U.S. 294, 300 (1991); *Shakka v. Smith*, 71 F.3d 162, 165 (4th Cir. 1995). Under the first prong, the plaintiff must establish that the prison condition was a "sufficiently serious" deprivation of a basic human need. *Farmer v. Brennan*, 511 U.S. 825, 825 (1994)(citing *Wilson*, 501 U.S. at 298). Furthermore, "extreme deprivations are required to make out a conditions-of-confinement claim. . . . because routine discomfort is 'part of the penalty that criminal offenders pay for their offenses against society,' 'only those deprivations denying "the minimal civilized measure of life's necessities" are sufficiently grave

---

[1]The plaintiff has since been transferred from the MCI to the LCI. Thus, to the extent the plaintiff is requesting declaratory and injunctive relief, this claim is moot. *Williams v. Griffin*, 952 F.2d 820, 823 (4th Cir.1991) (holding that prisoner's transfer to another facility mooted his claims for declaratory and injunctive relief).

3

to form the basis of an Eighth Amendment violation.' " *Hudson v. McMillian*, 503 U.S. 1 at 8 (1992). A "basic human need" that must be provided is the need for "reasonable safety." *Helling v. McKinney*, 509 U.S. 25, 33 (1993). The plaintiff must demonstrate that the risk from the prison conditions was so grave that it violated contemporary notions of decency and the prison condition resulted in serious or significant physical or emotional injury. *Strickler*, 989 F.2d at 1379-81.

The second prong involves a subjective analysis requiring that the plaintiff establish that a defendant had a "sufficiently culpable" state of mind. *Id*. The Supreme Court has defined this state of mind requirement as meaning deliberate indifference. In essence, a defendant must know of facts from which an inference can be drawn that "a substantial risk of serious harm" is posed to an inmate's health or safety, must actually draw that inference, and then disregard the risk posed to the inmate. *Farmer*, 511 U.S. at 837.

The plaintiff alleges that the defendants failed to provide him a safe environment. Specifically, the plaintiff alleges that the defendants knew of the leaky sink and failed to take prompt corrective measures. However, the plaintiff does not document any requests he made to the defendants to have the sink repaired prior to his injury nor has he alleged any facts indicating that the defendants knew of the leak and exhibited deliberate indifference in failing to repair the sink prior to his fall. In fact, the plaintiff alleges the "hazardous living condition became obvious when he slipped in the overflowing water from the sink in his cell [and the] defendants did nothing to prevent [the] plaintiff from being injured a second time, but instead subjected him to further harm." (Pl. Mem. Opp. Summ J. at 3.) However, the plaintiff was not injured a second or subsequent time and he cannot use his only injury to establish the defendants' knowledge and deliberate indifference to a hazardous condition prior to that injury. Additionally, the plaintiff does not dispute that shortly after his injury, and in response to his grievance, the defendants repaired the sink after ordering a part and moved the plaintiff to another cell.

4

At best, the plaintiff has alleged a run-of-the-mill slip and fall negligence claim. It is well-settled that mere negligence does not state a viable Eighth Amendment claim. *See Estelle v. Gamble*, 429 U.S. 97. *See also Snyder v. Blankenship*, 473 F.Supp. 1208 (W.D. Va.1979) (holding personal injury resulting from negligent failure to repair a leaking dishwasher did not violate the eighth amendment as a matter of law because slip and fall injury is not comparable to a "prison-related" injury), *aff'd*, 618 F.2d 104 (1980).[2] More specifically, courts have regularly held that a wet or slippery floor does not pose an objectively excessive risk to prisoners. *See, e.g., Davis v. Reilly,* 324 F.Supp.2d 361, 367 (E.D.N.Y.2004) (holding failure to provide shower mats does not rise to level of constitutional violation); *Eley v. Kearney*, 2005 WL 1026718 (slip op.) (D.Del. 2005) (classifying "accumulated slippery substances" as "indadvertent or negligent" rather than "obdurate and wanton"); *Hill v. Central Reception Assignment Facility*, 2005 WL 2491517 (slip op.) (D.N.J. 2005) (holding "water problem" leading to slip and fall cannot satisfy objective risk requirement). *See also Wehrhahn v. Frank*, 2004 WL 2110755 (W.D. Wis. 2004) (holding failure to put up a "slippery when wet" sign insufficient grounds for stating Eighth Amendment claim).

To the extent the plaintiff relies on the doctrine of supervisory liability, the plaintiff has failed to make any showing of supervisory liability. "Supervisory liability based upon constitutional violations inflicted by subordinates is based, not upon notions of respondeat superior, but upon a recognition that supervisory indifference or tacit authorization of subordinate misconduct may be a direct cause of constitutional injury." *Miltier v. Beorn*, 896 F.2d 848, 854 (4th Cir. 1990) (citation omitted). The plaintiff must demonstrate that the

---

[2]The plaintiff disagrees with the respondent Collie Rushton's affidavit stating that the plaintiff did not receive further medical treatment. Whether the plaintiff received further medical treatment does not impact the court's analysis regarding the plaintiff's prison conditions claim. Furthermore, the plaintiff does not allege a claim based upon a failure to receive medical treatment. In fact, the plaintiff acknowledges that he was treated and released immediately after his fall (Pl. Aff. Opp. Summ. J. ¶¶ 16-17) and that he has continued to receive medical treatment as requested. (*Id.* at ¶ 21.) Therefore, the plaintiff's own allegations regarding his medical treatment foreclose any claim for deliberate indifference to serious medical needs.

prisoner faces a pervasive and unreasonable risk of harm from some specified source, and that the supervisor's corrective inaction amounts to deliberate indifference or tacit authorization of the offensive practices. *Id. See also Moore v. Winebrenner,* 927 F.2d 1312 (4th Cir.), cert. denied, 502 U.S. 828 (1991); *Slakan v. Porter,* 737 F.2d 368, 372 (4th Cir. 1984), cert. denied, 470 U.S. 1035 (1985). When the defendant Rushton received the plaintiff's grievance, the plaintiff was moved to another cell and the sink was repaired. Clearly, neither the defendant Rushton nor his subordinates were indifferent to the plaintiff's concerns. Accordingly, the plaintiff has failed to state a claim based upon supervisory liability.

### STATE LAW CLAIMS

To the extent that the plaintiff's complaint can be perceived to state additional claims under state law, the court should decline to exercise supplemental jurisdiction over the claims as it is recommended that summary judgment be granted on the plaintiff's federal claims as set for above. *See* 28 U.S.C. § 1367(c).

### CONCLUSION

Wherefore, it is RECOMMENDED that the Defendants' Motion for Summary Judgment be GRANTED and the plaintiff's claims be DISMISSED with prejudice. It is further RECOMMENDED that the plaintiff's pending motions for discovery and production of documents be DENIED as moot.

IT IS SO RECOMMENDED.

BRUCE H. HENDRICKS
UNITED STATES MAGISTRATE JUDGE

July 31, 2006
Greenville, South Carolina